**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**EMIR PHILLIPS**                                                                                                          **PLAINTIFF**

**V.**                                              **CASE NO. 5:24-CV-05103**

**HARFORD COMMUNITY COLLEGE**                                                       **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Defendant Harford Community College's Motion to Dismiss (Doc. 5) for lack of personal jurisdiction and, alternatively, for lack of venue. *Pro se* Plaintiff Emir Phillips filed a Response in Opposition to the Motion (Doc. 7). Harford, in turn, filed a Reply (Doc. 9), to which the Mr. Phillips filed a Sur-Reply (Doc. 12). After careful consideration and for the reasons given below, Harford's Motion to Dismiss is **GRANTED**.

**I. BACKGROUND**

In February of 2023, Harford initiated a nationwide search to fill a faculty position in its economics department. Mr. Phillips was selected for a preliminary interview, which he attended remotely via Zoom from his home in Cave Springs, Arkansas, while those interviewing him were at the college's campus in Maryland. Mr. Phillips was not selected for the position. Mr. Phillips, who is of Hispanic and Cuban descent, claims Harford's decision to reject him from further consideration was motivated by race and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964.

Mr. Phillips's claims are based solely on his allegation that his academic qualifications are so superior to those of the Black woman who was ultimately chosen for the job that "the decision-making process was influenced by factors other than merit, such as race and gender." (Doc. 1, p. 17). He also claims the racial make-up of the all-white hiring committee implies an institutional need to hire a Black candidate.

Mr. Phillips filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), which issued a Notice of Rights on May 5, 2024. He then filed suit here in the Western District of Arkansas, and Harford moved for dismissal under Federal Rules of Civil Procedure 12(b)(2) and (b)(3).

## II.  DISCUSSION

### A.  Personal Jurisdiction

"To allege personal jurisdiction, a plaintiff must state sufficient facts in the complaint to support a reasonable inference that the defendant can be subjected to jurisdiction within the state." *Wells Dairy, Inc. v. Food Movers Int'l*, 607 F.3d 515, 518 (8th Cir. 2010) (cleaned up). The Court "must view the evidence in the light most favorable to the plaintiff and resolve all factual conflicts in the plaintiff's favor." *Digi-Tel Holdings, Inc. v. Proteq Telecomm. (PTE), Ltd.*, 89 F.3d 519, 522 (8th Cir. 1996). However, the Plaintiff bears the burden of proving sufficient facts to support a prima facie showing of personal jurisdiction. *Wells Dairy*, 607 F.3d at 518.

The Arkansas long-arm statute authorizes the exercise of personal jurisdiction "to the maximum extent permitted by the due process of law clause of the Fourteenth Amendment of the United States Constitution." Ark. Code Ann. § 16-4-101. Therefore, the question for the Court is whether the exercise of personal jurisdiction over Harford is constitutionally permissible. "Due process requires that the defendant purposefully establish 'minimum contacts' in the forum state such that asserting personal jurisdiction and maintaining the lawsuit against the defendant does not offend 'traditional conceptions of fair play and substantial justice.'" *K-V Pharm. Co. v. J. Uriach & CIA*, 648 F.3d 588, 592 (8th Cir. 2011) (quoting *Burger King Corp. v. Rudzewicz*, 472 U.S. 462, 474–77

(1985)). For the Court to exercise personal jurisdiction, it must find that Harford "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 475. When a defendant purposefully avails itself of conducting activities in the forum state, it "should reasonably anticipate being haled into court there." *Id*. at 474.

In evaluating whether personal jurisdiction is appropriate in this case, the Court considers the following factors: "(1) the nature and quality of [Harford's] contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties." *Federated Mut. Ins. Co. v. FedNat Holding Company*, 928 F.3d 718, 720 (8th Cir. 2019). The first three factors of the test are the most important *Id.*

Beginning with the nature, quality, and quantity of Harford's contacts with Arkansas, Mr. Phillips admits Harford's only contact was a single video conference call. But, he seems to believe his physical location during the call is "a critical element in establishing specific jurisdiction." (Doc. 12, p. 2). He is wrong. A *plaintiff's* contacts cannot be "decisive in determining whether the defendant's due process rights are violated." *Rush v. Savchuk*, 444 U.S. 320, 332 (1980); *see Morningside Church, Inc. v. Rutledge*, 9 F.4th 615, 620 (8th Cir. 2021) (holding the defendant's isolated phone calls and letters were only directed at the forum state because the plaintiff happened to reside there, which did not warrant personal jurisdiction). A court's jurisdiction over a defendant cannot be "based on the 'random, fortuitous, or attenuated' contacts [it] make[s] by interacting with other persons affiliated with the State." *Walden*, 571 U.S. at 286 (quoting *Burger King*,

3

471 U.S. at 475); *see also Pederson v. Frost*, 951 F.3d 977, 980 (8th Cir. 2020) ("To be sure, calls, emails, and text messages directed at a plaintiff can be relevant contacts, but when the only connection between the defendants and the forum state is the plaintiff himself, they are not enough on their own." (quotation omitted)). The nature, quality, and quantity of Harford's contacts with Arkansas are so attenuated and fortuitous that it could not reasonably have been expected to be haled into court here. Therefore, the first two factors weigh against a finding that Harford must submit to the jurisdiction of this Court.

Turning to the third factor, Mr. Phillips's cause of action for employment discrimination is related to the singular job interview over Zoom, but this is not sufficient to warrant personal jurisdiction. Though he felt the effect of being rejected for the position at his home in Arkansas, "the proper question is not where [he] experienced a particular injury or effect but whether [Harford's] conduct connects [it] to the forum in a meaningful way." *Walden*, 571 U.S. at 290. Because Mr. Phillips's decision to interview from the comfort of his own home does nothing to tether Harford to the state in any meaningful way, the third factor also weighs against a finding of personal jurisdiction.

Finally, the fourth and fifth factors of the test — the interest of the forum state and convenience of the parties — are not dispositive. Certainly, Arkansas has an interest in providing a forum for its citizens to hash out their legal disputes, but only if doing so does not offend the Constitution. And, though Mr. Phillips would find it more convenient to litigate in Arkansas, Harford would find it less convenient. For all of these reasons, the Court declines to exercise specific personal jurisdiction over Harford, and the matter will be dismissed under Rule 12(b)(2)

**B. VENUE**

Even if a lack of personal jurisdiction were no obstacle, the Western District of Arkansas is not a proper forum for this dispute. Title VII contains its own specific venue statute, codified at 42 U.S.C. § 2000e-5(f)(3). These provisions are controlling, not the general venue statute. *See Johnson v. Payless Drug Stores Northwest, Inc.*, 950 F.2d 586, 587–88 (9th Cir. 1991); *Bolar v. Frank*, 938 F.2d 377, 379 (2d Cir. 1991).

Specifically, venue for Title VII claims is proper in any judicial district where: (1) "the unlawful employment practice is alleged to have been committed;" (2) "the employment records relevant to such practice are maintained and administered;" or (3) "the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3). If the alleged violator of Title VII cannot be found in any of these districts, then the district in which they have their principal office is the proper venue. *Id.*

Here, it is clear the only judicial district that fulfills any of these criteria is the District of Maryland. First, Harford conducted the interview from Maryland, and any alleged unlawful employment practice would have occurred in Maryland. Second, it is not alleged that Harford keeps any employment records in Arkansas, presumably those would be kept in Maryland, where their campus is located. Third, if Mr. Phillips had been hired, he would have worked at Harford's Maryland campus, not in Arkansas. Finally, Mr. Phillips has conceded Harford's principal place of business is in Maryland, not Arkansas. For these reasons, Arkansas is not the proper venue under 42 U.S.C. § 2000e-5(f)(3).

## III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 5) is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

**IT IS SO ORDERED** on this 22nd day of October, 2024.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE